HIRAM N. LEE v. THE BOARD OF SUPERVISORS OF IONIA COUNTY.

*Sheriff's fees—" Committed " and " discharged " defined—Board of supervisors.*

1. The terms " committed " and "discharged" are words of recognized legal meaning, and refer only to the *beginning* and *end* of the term of imprisonment.
2. Charges by a sheriff for taking a prisoner to court and returning him to jail do not fall within the statute allowing a fee of 35 cents for every person committed to and discharged from jail.
3. The board of supervisors have a considerable discretion in giving pay for services on which the law is silent, which must be exercised by them, and not by this Court, if a proper case in their judgment arises ; but the specified fees, over which they have no discretion, should not be made to include anything not fairly within their terms.

Application for *mandamus* to compel respondents to allow relator certain fees as sheriff. Submitted January 18, 1888. Denied January 26, 1888. The facts are stated in the opinion.

*Davis & Nichols,* for relator.

*A. A. Ellis,* prosecuting attorney, for respondents.

CAMPBELL, J. Relator was allowed to take an order on respondents to show cause why they should not allow him certain fees for alleged services for which they refused to give him what he claimed. Upon the return it appears that every item charged and not allowed was a charge for commitment or discharge from jail, and was made under the statute fixing sheriff's fees in criminal cases, which allows "for every person committed to jail, 35 cents; for every person discharged from jail, 35 cents; for taking a prisoner before a

court for examination or to jail, 15 cents." The supervisors allowed these rates of 35 cents for every commitment in the beginning of imprisonment, and for every final discharge, and 15 cents for taking prisoners back and forth. But the relator claims that he should have an additional 35 cents for every time a prisoner is taken to court, and the same sum when brought back, and claims that each such removal is a discharge, and each such return a commitment.

The reason for his urging these claims before the supervisors is represented to them as arising out of the necessity of employing a turnkey at considerable expense, for which the law gives no other payment.

The statute seems to us too plain for discussion. The terms "committed" and "discharged" are words of recognized legal meaning, and refer only to the beginning and end of the term of imprisonment. Between those periods the prisoner, unless he escapes, is in continuous custody; and whether in jail, or out of jail in charge of an officer, his going through the prison door in either direction is no more an interruption of his imprisonment than going into the prison yard, and retiring from the common room to his cell.

The language speaks for itself, and cannot have any double meaning, or be warped by any supposed meagerness of the sheriff's compensation. The supervisors have a considerable discretion in giving pay for services on which the law is silent. The statute gives them this discretion; and they, and not this Court, must exercise it if a proper case in their judgment arises. How. Stat. § 9055. But, when they do it, they should act upon it as it is, and not be asked to cover it up under some other name. The specified fees, over which they have no discretion, should not be made to include anything not fairly within their terms.

The present bill on its face contains charges as to some prisoners which do not indicate that the committal and discharge were not those mentioned in the statutes. Other items

show a number of committals and discharges of the same prisoner. But the sheriff's explanation removes any possible complaint of misrepresentation, because he shows just what services he meant to charge for. We granted him an order to enable this question to be passed upon and decided finally. But instances are not unknown where there is a lack of such frankness, and where the statutory fees are charged and allowed to cover claims which are entirely beyond the law.

The supervisors were right in holding that the amounts which they rejected were not statutory fees. But as relator has acted fairly in presenting and explaining his claim, we do not think he should be compelled to pay costs. ' It is wel' enough that the question has been raised for decision.

The *mandamus* is denied, without costs.

The other Justices concurred.