Mrs. Harry Tucker v. The Common Council of the City of Grand Rapids.

*Criminal law—Board of witnesses for people—Authority of police commissioners—Mandamus.*

1. There is no statute in this State authorizing sheriffs or prosecuting officers to make contracts which shall bind counties for the board of persons who may be thought important witnesses in pending criminal cases.

2. The statutory method of procuring witnesses for the people in criminal cases is by subpoena, and the law fixes their compensation and the method of its payment. If there is danger of their departing, the court may, in default of their entering into the required recognizance for their appearance, commit them to the county jail, in which case the board of supervisors must provide for the payment of their board.[1]

3. Upon the conviction of a respondent, the law requires that he be committed to the county jail, if not admitted to bail, to await sentence; and an order of the superior court of a city, having exclusive jurisdiction of offenses committed within the city, remanding him to the city lockup or police headquarters to await sentence, or for any other purpose, being void, cannot be made the basis of a valid contract for the board of such prisoner.

4. The board of police and fire commissioners of the city of Grand Rapids has no power to contract for the board of a witness for the people in a criminal case while waiting to testify, or of a respondent who, upon his conviction in the superior court of said city, has been remanded to the police station under suspended sentence, to be detained until the trial of said case, and then used as a witness for the people therein; and *mandamus* will not lie to compel the common council of said city to order the payment of claims certified by said commissioners for the board furnished under said contract.

*Certiorari* to Kent. (Grove, J.) Argued January 29, 1895. Decided April 16, 1895.

[1] For cases bearing upon the question of the detention of witnesses to testify in behalf of the people in a criminal case, and their compensation, see *In re Lewellen*, 104 Mich. 318, and note.

Relator applied for *mandamus* to compel respondent to allow her claim for the board of certain witnesses for the people pending the trial of a criminal case. Respondent brings *certiorari* to review order allowing the writ. Reversed. The facts are stated in the opinion.

*John W. Champlin,* for relator.

*Henry J. Felker* (*William Wisner Taylor,* of counsel), for respondent.

HOOKER, J.  A murder having been committed in Grand Rapids, the board of police commissioners took upon itself the responsibility of arranging, through the superintendent of police, with relator, for the boarding of one Ida Woods (and child), who was supposed ·to be the mistress of one Macard, who was suspected of the crime. By a similar arrangement made with the board, one Prame, who had been convicted of the same offense of murder before the superior court, was furnished with board while confined at the police station, under suspended sentence, to which place said court remanded him upon his plea of guilty. Ida Woods and Prame were used as witnesses upon the trial of Macard.  Relator's bills of $42 and $106, respectively, were approved by the board of police and fire commissioners as a proper claim against the city, and were certified by said board to the comptroller, who in turn reported them to the council, without recommendation. The council disallowed the claim, and the circuit court for the county made an order that a peremptory *mandamus* issue to the council commanding the council to order the payment of said claims.  The cause was then brought to this Court by *certiorari*.

The items of this claim are peculiar.  It is not claimed that any statute authorizes sheriffs or prosecuting officers to make contracts which shall bind counties for the board

of persons who may be thought important witnesses in pending cases. Such officers may sometimes assume the responsibility of incurring expenditures in attempts to convict felons, which the board of supervisors may in its discretion allow, but the courts cannot compel it unless the claim is for services which the statute authorizes and provides for. The statutory method of procuring witnesses is by subpoena, and the law fixes the compensation and method of payment. If there is danger of the witness departing, the courts may commit to the county jail for want of recognizance, in which case the board of supervisors must provide for payment of board. So, too, when a felon is convicted, the law requires commitment to the county jail to await sentence, if he is not admitted to bail. It nowhere provides that he may be remanded to the city lockup, or to police headquarters, to be kept for that or any other purpose. An order of that kind, being void, cannot be made the basis of a valid contract for board. If it should be conceded that it was the duty of the county to provide board for such convict, it is only when confined in pursuance of law that it becomes legally liable. The statute authorizes payment to a sheriff for extraordinary services at the discretion of the board (How. Stat. § 9055; *Lee v. Board of Supervisors*, 68 Mich. 330; see *Bacon v. Wayne Co.*, 1 Mich. 461); and this discretion is not reviewable (*Kennedy v. Gies*, 25 Mich. 83; *Endriss v. Chippewa Co.*, 43 Id. 317; *Sherman v. Board of Supervisors*, 84 Id. 108), though action may be compelled by *mandamus* where the right and amount are fixed by statute, or another method of adjusting compensation is provided by law (*Bristow v. Supervisors of Macomb Co.*, 3 Mich. 475; *People v. Board of Auditors*, 13 Id. 233; *Mixer v. Board of Supervisors*, 26 Id. 422; *Stowell v. Board of Supervisors*, 57 Id. 31; *Cicotte v. Wayne Co.*, 59 Id. 509;

*Board of Metropolitan Police v. Board of Auditors,* 93 Id. 306).

Is the matter different because the contract was made by the board of police commissioners? This board is a statutory one. Not only must it be said on general principles that it can have no powers to contract unless prescribed by law, but the charter of Grand Rapids (Act No. 417, Local Acts of 1893, § 20) expressly provides that—

"Said board shall not be authorized to incur any indebtedness nor enter into any contract not provided for or included in said detailed annual estimate for such fiscal year, unless specially authorized so to do by a majority vote of all the members elect to the common council of said city."

There is no attempt to show that special authority was given to make these contracts, or that they formed any part of the estimated expenses for which appropriations had been made. It is argued that the powers conferred upon this board are broad enough to warrant its action; that it is authorized to provide "for the preservation of the public peace, for the prevention of crime, for the arrest of all offenders against the peace and good order of the city, and of all persons violating the ordinances of said city;" and that its action binds the city. It is unnecessary to discuss this question at length. Doubtless the conditions of urban life justify different methods of dealing with crime and questions of police than are necessary in rural districts. In Grand Rapids the board of police commissioners has power to appoint certain officers and prescribe their duties, and provide for the preservation of the peace and for arrests. How great a discretion it may exercise must to some extent depend upon the liberality of the council, which provides a fund and audits its claims. Perhaps the council may be compelled to audit and pay some claims for expenses or services incurred or rendered

where covered by the estimate, but the charter is conclusive against compulsion where the claim is based solely upon a contract that the council has not authorized, and which for that, if no other, reason, the board had no authority to make. The fact that it is made the duty of the board to certify claims can make no difference. The absolute prohibition of unauthorized contracts must control. The council may properly allow claims for unusual or unexpected services where such claims are meritorious, but we cannot compel it in this instance.

The order of the circuit court must be reversed, with costs.

The other Justices concurred.