STARMONT *v.* CUMMINS.

120   629
e127  495

WITNESSES—FEES—OFFICERS OF THE COURT.

Under 2 How. Stat. § 9064, providing that any person attending court as a witness on behalf of the people, upon request of the public prosecutor, or upon a subpœna, or by virtue of any recognizance for that purpose, shall be entitled to certain fees, the officer who makes the arrest and brings the prisoner into court, and who receives his fees therefor, is not entitled to additional fees upon being sworn in the case as a witness.

*Certiorari* to Ingham; Person, J. Submitted April 18, 1899. Decided July 11, 1899.

*Mandamus* by Adolph M. Starmont to compel Alva M. Cummins, prosecuting attorney of Ingham county, to countersign a certificate for witness fees. From an order granting the writ, respondent brings *certiorari.* Reversed.

A warrant was issued by a justice of the peace for the arrest of an offender. The warrant contained a clause directing the officer into whose hands it came to subpœna certain witnesses, among whom was relator. It was placed in the hands of relator, who made the arrest and brought the prisoner before the court. Relator gave testimony, and received a certificate for fees as a witness. Respondent, as prosecuting attorney, refused to countersign the same, on the ground that said relator was an officer in attendance upon said court, for which attendance and services he was entitled to compensation, and was not entitled to compensation as a witness in addition thereto. Relator applied to the circuit court, and a *mandamus* was issued, compelling respondent to sign the order.

*L. B. & H. M. Gardner,* for relator.

*Alva M. Cummins, in pro. per.*

PER CURIAM. The statute under which relator claims his fees reads as follows: "That whenever any person shall attend any court as a witness in behalf of the people of this State, upon request of the public prosecutor, or upon a subpœna, or by virtue of any recognizance for that purpose, he shall be entitled to the following fees," etc. 2 How. Stat. § 9064. The relator was in court as an officer in charge of a prisoner, and entitled to receive his fees as such officer. The evident purpose of this stat-· ute is to compensate a witness to some extent for his loss of time. Most men are engaged in some employment, which they must necessarily leave in obedience to the subpœna of the court. Relator was not subpœnaed as a witness; he had not come as a witness; he had lost no time as a witness. Those who are familiar with criminal trials are aware that the officer making the arrest is frequently sworn as a witness. Is he, under those circumstances, entitled to fees both as an officer and as a witness? No such rule should be adopted, unless the statute clearly provides it. There is nothing in the statute to indicate it. We think the relator is not entitled to both fees. *Com.* v. *Commissioners of Philadelphia Co.,* 6 Bin. 397; *Board of Commissioners of Montgomery Co.* v. *Bromley,* 108 Ind. 158.

Judgment reversed, and judgment entered for the respondent.