CHIPMAN v. WAYNE COUNTY AUDITORS.

1. COUNTIES—BOARD OF AUDITORS—MANDAMUS.

*Mandamus* will lie to compel the Wayne county auditors to consider a claim which they have power to allow, but which they have rejected on the ground that they have no such power.

2. SAME—SHERIFF'S FEES—ATTENDANCE AT COURT.

Under 1 Comp. Laws, § 430, providing that the sheriff shall attend the circuit court if required by the judge, it is within the power of the auditing board of the county, in case no fees for such attendance are fixed by statute, to allow a reasonable compensation therefor.

3. SAME—WAYNE COUNTY SHERIFF — STATUTES — AMENDMENT— TITLE OF ACT.

The provision of amendatory act No. 77, Pub. Acts 1895, that deputy sheriffs of Wayne county in attendance on the circuit court shall be paid a fixed salary, which was substituted for a provision in the original statute fixing the compensation of the sheriff of said county for such attendance, is within the title to the act, *i. e.*, "An act to amend " 3 How. Stat. § 9017, " relative to the fees of sheriffs," etc., and hence the sheriff of Wayne county is not entitled, as a matter of right, to compensation for attending the circuit court.

4. SAME—SHERIFF'S FEES—CARE OF PRISONERS.

Under 3 Comp. Laws, § 12006, entitling sheriffs to compensation "for services not specially provided for, in such sum as may be allowed by the board of supervisors," the board has power to allow the sheriff compensation for the care and custody of prisoners in jail.

5. SAME—WAYNE COUNTY SHERIFF—CONVEYING PRISONERS TO COURT.

Under section 575 of the Detroit charter, providing that the duty of conveying prisoners to and from the recorder's court shall be performed by the police force of the city, and that deputy sheriffs shall not receive compensation for such service, the sheriff is not entitled to compensation for services performed by his deputies in conveying prisoners to and from such court.

6. SAME.

Under 3 Comp. Laws, § 12006, providing that sheriffs shall be allowed certain fees for taking prisoners before a court or to jail, the sheriff of Wayne county is entitled to fees for conveying prisoners to and from the circuit court, though such services were rendered by deputies actually in attendance on such court.

7. SAME—TURNKEY FEES.

The further provision of said section, allowing the sheriff certain fees for each person committed to jail and for each person discharged, applies only to first commitments and final discharges, and does not authorize a charge to be made on the transfer of prisoners to and from court during the course of the proceedings against them.

*Certiorari* to Wayne; Waite, J. Submitted March 21, 1901. Decided July 10, 1901.

*Mandamus* by Harry F. Chipman to compel the board of auditors of Wayne county to audit and allow a claim for services as sheriff. From an order denying the writ, relator brings *certiorari*. Reversed.

*Jasper C. Gates* (*C. D. Joslyn*, of counsel), for relator.

*Ormond F. Hunt*, Prosecuting Attorney, for respondent.

MONTGOMERY, C. J. Relator applied for a writ of *mandamus* to compel respondents to audit and allow certain claims for services rendered by him as sheriff of Wayne county during the years 1897 and 1898. The application was denied, and this is *certiorari* to review the decision of the circuit judge.

The claim for services consists of items:

1. Of $7,000 a year for attendance on the circuit court for the county of Wayne.

2.. For care and custody of prisoners, $2,500 a year.

3. For transferring prisoners to and from the recorder's court.

4. For taking prisoners sentenced by the recorder's court from the county jail to the house of correction.

5. For transferring prisoners to and from the circuit court, and for taking prisoners sentenced by the circuit court to the house of correction.

6. Turnkey fees, not first commitments or final discharges, $2,158.

The answer of respondents in the court below showed that opportunity was given the relator to present his claims, and that relator had several hearings upon the questions of fact relative to the items in his bill, and that every showing was made by the relator to the respondents for which the relator made a request, and that the respondents passed upon the merits of the claims, both as a matter of fact and as a matter of law. The relator asked for issues to be framed on this return, and among the issues was No. 8:

"Did said respondents give said relator a full and fair opportunity to prove before them the facts and circumstances in relation to the matters stated in said petition, and, if so, when, where, and under what circumstances?"

The issue also presented the following questions:

"Did said respondents, in disallowing the claim of relator, mentioned in said petition, act upon their own judgment as to the equity and justice of said claim? Or did said respondents therein rely upon the advice of the 'legal adviser of said board,' mentioned in the answer of said respondents, on file in this cause?"

And, tenth:

"Did said respondents disallow said claim because said 'adviser had given to said respondents an opinion that said claim of relator was without foundation in law,' or such advice in substance and effect?"

It appears that no finding of facts was entered, the judge returning that he was not aware that such an order

had been made by his associate until after the writ of *certiorari* was granted.

We think the testimony fairly shows that the claim of relator was disallowed upon the advice of the prosecuting attorney, and that the merits of the claim were not considered.  In other words, the reason for the disallowance, as appears by the record, was, not that the claim was in all respects deemed inequitable, but that the board had no power to audit or allow the claim.  The letter in which they informed the relator of their action, after stating the advice of the prosecuting attorney, added, "We have no course to pursue except to follow his advice."  We think, under these circumstances, that, if there was any item in the claim which the respondents had the power to allow, they should have been required to consider and audit the claim.  This involves some examination of the items of relator's claim.

As to the first item, it is contended that, as the relator was required to attend upon the court, under 1 Comp. Laws, § 430, even in the absence of statutory fees being fixed, the respondents had the power to allow him reasonable compensation.  Section 430, it should be stated, does not require the attendance of the sheriff, except as required by the circuit judge.  There was some evidence from which it might be inferred that such attendance was required, and, if this should prove to be the fact, it was within the power of the board of auditors to allow him reasonable compensation for such services.  Their action, when taken, it is true, would be final, and not reviewable by the court.  See *Mixer* v. *Board of Sup'rs of Manistee Co.*, 26 Mich. 422; *Tucker* v. *Common Council of Grand Rapids*, 104 Mich. 621 (62 N. W. 1013), and cases cited.

But it is insisted that the relator had the right to the allowance of this item as a matter of right.  Act No. 77 of the Public Acts of 1895 fixes the compensation of sheriffs for attending upon the circuit court at $1.50 for each day, *except in the counties of Kent and Wayne,* and further

provides that in the county of Wayne there shall be paid to the deputy sheriffs in actual attendance upon the circuit court the sum of $1,000 per annum, to be allowed and paid as other contingent charges, and provided that the number of said deputies shall not exceed two for each judge of said circuit. There is no other statute which provides in terms for compensation to the sheriff for attendance upon court. If this act is valid, therefore, the relator is not entitled, as of right, to compensation. The contention is made that this act is invalid, for the reason that the provisions which it contains do not fall within the title. The title is:

"An act to amend section eleven of chapter one hundred fifty of the Revised Statutes of eighteen hundred forty-six, relative to the fees of sheriffs in executing process issued out of the courts of law and equity, and by judicial and other officers, and for other services, as amended by the several acts amendatory thereof."

It is urged that there is nothing in the title to indicate the purpose to take away the sheriff's compensation for attending court. But it should be observed that the compensation for that service was provided for in section 11 as it was originally enacted. This title indicates a purpose to amend the section, and the question really is whether the statement that the section, as it stood prior to amendment, was one "relative to the fees of sheriffs," etc., was a misdescription. It is plain that it was not, and we think it follows that there is no statutory compensation fixed for the attendance of the sheriff upon the circuit court.

As to relator's claim for the care and custody of prisoners in the jail during the years 1897 and 1898, the same considerations hold. There is no statutory compensation fixed. But the statute (3 Comp. Laws, § 12006, contained in the chapter relating to fees and costs in criminal cases) entitles the sheriff to compensation "for other services not herein specially provided for, such sums as may be allowed by the board of supervisors." Whether, under the circumstances of this case, any allowance for such

claimed services should be made, is a matter which the board of auditors have the power to determine. But they should have acted upon the claim on its merits.

As to the claim for conveying prisoners to and from the recorder's court, we think, as matter of law, that relator was not entitled to this compensation, in view of section 575 of the charter of Detroit. The case of *Allor* v. *Wayne County Auditors*, 43 Mich. 76 (4 N. W. 492), is relied upon. But in that case the services were in the arrest of parties charged to have committed offenses outside the city of Detroit, and in the county of Wayne. It was said in the opinion:

" For the purposes of the present controversy, it is necessary, in order to avoid attributing to the legislature an intention very far beyond the title of the act, to hold that the section which gives exclusive power to the police force for the service of process 'in criminal cases within said city' does not refer to any cases where the crime was committed out of the city."

It is true that the act in question does not in terms deny compensation to the sheriff; but it does deny compensation to deputy sheriffs, and the service in this case, if any, was performed by the deputies.

As to the charge for taking prisoners to and from the courts other than the recorder's court, the right to these fees would seem to be clear under 3 Comp. Laws, § 12006. Compensation seems to have been denied on the authority of *Starmont* v. *Cummins*, 120 Mich. 629 (79 N. W. 897), on the ground that these services were rendered by deputies whose duties required their attendance upon the court. The case of *Starmont* v. *Cummins* simply holds that a deputy attending upon the court is not entitled to fees as a witness. But the attendance of the officer upon the court is quite a different thing from conveying prisoners to and from the jail.

The claim for turnkey fees other than first commitments or final discharges is ruled adversely to the relator in *Lee* v. *Board of Sup'rs of Ionia Co.*, 68 Mich. 330 (36 N. W. 83).

The order of the circuit court will be reversed, with directions to enter an order requiring respondents to consider the claims of relator, and determine them in accordance with this opinion.

The other Justices concurred.