BATH CHARTER TOWNSHIP v CLINTON COUNTY

Docket No. 97927. Submitted November 12, 1987, at Lansing. Decided September 8, 1988.

Bath Charter Township and DeWitt Charter Township brought an action in the Clinton Circuit Court against Clinton County seeking a declaratory judgment on the county's obligation to pay witness fees to township police officers appearing as witnesses for the prosecution in criminal matters. The trial court, Randy L. Tahvonen, J., held that police officers paid by their employer for court appearances are "on duty" for purposes of MCL 775.13(2); MSA 28.1250(2) and are therefore not entitled to witness fees or mileage, unless traveling at their own expense. Plaintiffs appealed.

The Court of Appeals *held:*

Law enforcement officers who are paid by their employer for court appearances are on duty for purposes of MCL 775.13(2); MSA 28.1250(2), which provides that an officer shall not receive a fee as a witness if he is on duty at the time he attends court. Therefore, an on duty officer is not entitled to a witness fee, or mileage compensation, unless the officer is traveling at his own expense.

Affirmed.

CRIMINAL LAW — WITNESS FEES — POLICE OFFICERS.

Law enforcement officers who are paid by their employer for court appearances are "on duty" for purposes of the statute which provides that an officer shall not receive a fee as a witness, nor compensation for mileage, unless the officer is traveling at his own expense, if he is on duty at the time he attends court (MCL 775.13[2]; MSA 28.1250[2]).

*Church, Kritselis, Wyble & Robinson, P.C.* (by *J. Richard Robinson* and *Neil F. O'Brien*), for plaintiffs.

REFERENCES

Am Jur 2d, Sheriffs, Police, and Constables §§ 78 *et seq.,* 87 *et seq.*
Am Jur 2d, Witnesses §§ 23 *et seq.*
See Index to Annotations under Travel expenses; Witnesses.

*Jon Newman,* Prosecuting Attorney, and *R. L. Koenigsknecht,* Chief Assistant Prosecuting Attorney, for defendant.

Before: Gribbs, P.J., and Weaver and C. H. Morcom,* JJ.

Per Curiam. Plaintiffs, Bath Charter Township and DeWitt Charter Township, brought suit against defendant, Clinton County, seeking a declaratory judgment on the county's obligation to pay witness fees to township police officers appearing as witnesses for the prosecution in criminal matters.[1] As the issue presented was purely a legal question of statutory construction, no hearing was held. In an opinion and order filed on December 30, 1986, the circuit court held that police officers paid by their employer for court appearances are "on duty" for purposes of MCL 775.13(2); MSA 28.1250(2) and are therefore not entitled to witness fees or mileage, unless traveling at their own expense. Plaintiffs appeal as of right.

MCL 775.13; MSA 28.1250 provides:

(1) If a person attends court as a witness in behalf of the prosecution, upon the request of the prosecuting attorney, upon a subpoena, or because

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Pursuant to the collective bargaining agreements in effect between the township police officers and the townships, the townships pay officers overtime when the officers are required to testify at times other than during their regular work shifts. Prior to June 17, 1985, defendant county paid witness fees and mileage to officers called to testify for overtime appearances. Under the Bath Township labor contract, the amount of fees paid by the county was deducted from officers' pay. Under the DeWitt Township labor contract, officers were required to turn over to the township any fees received from the county. On June 11, 1985, the defendant county notified plaintiffs that effective June 17, 1985, the county would cease payment of fees and mileage to officers unless an officer received no compensation from the township. This notification precipitated plaintiffs' action for declaratory judgment.

of a recognizance for that purpose, the witness shall be entitled to the following fees:

(a) For attending in a court of record, $12.00 for each day and $6.00 for each half day.

(b) For attending in a municipal court or upon an examination, $10.00 for each day and $5.00 for each half day.

(c) For traveling, 10 cents per mile in going to and returning from the place of attendance, estimated from the residence of the witness if within the state and if without the state, from the boundary line of this state which the witness passed in traveling to attend court.

(2) A law enforcement officer shall not receive a fee as a witness in behalf of the people of this state if the law enforcement officer is on duty at the time he or she attends court nor shall the officer receive compensation in going to the place of attendance unless traveling to the court at the officer's own expense.

As the county prosecutor brings criminal actions on behalf of the people of this state, fees and mileage payable under the statute are the responsibility of the county.

Plaintiffs and defendant agree that officers testifying during their regular shift hours are on duty and therefore not entitled to fees under the statute. The parties disagree whether officers called to testify outside of their regular shifts and paid overtime to attend court are on duty.

The primary rule of statutory construction is to discover and give effect to the legislative intent. *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 400 Mich 184, 187; 253 NW2d 646 (1977), reh den 400 Mich 1029 (1977). Legislative intent is to be derived from the actual language used in the statute. *In re Certified Questions,* 416 Mich 558, 567; 331 NW2d 456 (1982). No interpretation is necessary where the language used is

clear and unambiguous. *Id.* Where an ambiguity
exists, a court must look to the object of the
statute, the evil or mischief which it is designed to
remedy, and apply a reasonable construction
which best accomplishes the statute's purpose.
*Pittsfield Twp v Saline,* 103 Mich App 99, 104-105;
302 NW2d 608 (1981).

On duty is not defined in the statute. Plaintiffs
argue that on duty means during regularly sched-
uled work hours, while defendant argues that on
duty should be construed to mean being paid by
the officer's employer. We agree with the circuit
court's conclusion that the term is ambiguous and
that, accordingly, it is necessary to look to the
intent of the statute.[2]

The statute was intended to fix the compensa-
tion of prosecution witnesses. Denial of witness
fees to law enforcement officers who testify while
on duty is based on the following considerations:
(1) the duties of law enforcement officers include
court appearances; (2) an officer who testifies while
on duty is receiving a salary which compensates
the officer for the officer's time in court; and (3)
the public should not pay an officer both a salary
and a witness fee for testifying in court. To pay
witness fees to township officers who receive com-
pensation from their employer for time spent testi-
fying would violate the statute's purpose of pre-
venting double compensation to police officers.

In *Starmont v Cummins,* 120 Mich 629, 630; 79

---

[2] The Michigan Supreme Court has had occasion to define the term
"on duty" in the context of an insurance contract, *Boesky Bros
Twelfth Street Corp v United States Fidelity & Guaranty Co,* 267
Mich 628, 630-631; 255 NW 307 (1934), and in the context of a federal
act addressing the hours of service for employees of common carriers,
*Brown v Pere Marquette R Co,* 237 Mich 530, 537; 213 NW 179; 71
ALR 854 (1927), cert den 275 US 538; 48 S Ct 35; 72 L Ed 413 (1927).
Given the statute and issue raised in this case, we do not find those
definitions pertinent to construction of the term on duty in MCL
775.13(2); MSA 28.1250(2).

NW 897 (1899), our Supreme Court construed 2 How Stat § 9064, a statutory predecessor to MCL 775.13(2); MSA 28.1250(2), to preclude payment of witness fees to an arresting officer called to testify by the prosecution, even though § 9064 did not contain a subsection expressly precluding payment of fees to an on-duty law enforcement officer. "The evident purpose of this statute is to compensate a witness to some extent for his loss of time." *Id.* A police officer, unlike a nonpolice witness, is not compelled to leave his employment when subpoenaed to testify.

Plaintiffs argue that the statute, as construed by the circuit court, would prohibit payment of a witness fee to a police officer called to testify during the officer's vacation or other leave. The circuit court persuasively distinguished the situation of an officer on paid vacation or other paid leave from an officer on overtime. An officer on paid leave is not being paid to work, but is, in fact, being paid while not working. The court appearance does not trigger the payment by the employer of vacation pay; on the other hand, in the situation of overtime, it is precisely the court appearance which triggers the overtime pay.

We finally note that there is absolutely no indication that the statute on prosecution witness fees was designed to allocate prosecution costs between police agencies and the county prosecutor. That plaintiff townships have contractually obligated themselves to pay overtime to officers for court appearances, and thereby relieved the county of the burden of doing so by way of fees, is irrelevant to the objective of the statute which is to ensure a single payment to police officers for court appearances.

We affirm the order of the circuit court determining that law enforcement officers who are paid

by their employers for court appearances are on duty for purposes of MCL 775.13(2); MSA 28.1250(2), are not entitled witness fees, and are not entitled to mileage compensation unless the officer is traveling at the officer's own expense.

Affirmed.