[No. 2,455.]

## N. W. RANDALL v. GEORGE FALKNER.

SUMMONS IN FORCIBLE ENTRY AND DETAINER.—The only purpose of a summons is to bring the defendant into Court, and if he appears and answers, he waives any defect in the summons.

DEFENSE IN UNLAWFUL DETAINER.—The facts, that the land in dispute is a part of the public domain, that it has been withdrawn from entry and sale, and that the defendant, by the advice of his attorney and the United States land officers, entered upon it for the purpose of securing a prior right to a homestead, and with a bona fide intention to acquire such right as soon as the land might be open to entry, do not justify an entry upon the actual occupancy of another, and are no defense in an action of unlawful detainer.

UNLAWFUL DETAINER.—If a person enters unlawfully upon land in the possession of another, during his absence, and upon demand being made refuses to restore the possession, he may be proceeded against in an action of unlawful detainer.

TAXATION OF COSTS.—A party to an action is entitled to tax, as costs, the fees of witnesses subpœnaed by him in good faith, although they were not sworn on the trial.

APPEAL from the County Court of Stanislaus County.

Action commenced in the County Court. The complaint alleged that the defendant entered on the land in the night-

time, during the temporary absence of the plaintiff, and that more than five days before the commencement of the action the plaintiff demanded of the defendant that he surrender the land to the plaintiff.

The summons stated that the action was brought for the possession and restitution of the land, describing it.

The defendant moved to dismiss the action, because the Court had no jurisdiction over the subject matter, as it appeared upon the face of the summons that it was simply an action to recover possession of land, and that the District Court only could exercise jurisdiction.

The defendant requested the Court to give the following instructions, which were refused:

"If the jury should find from the evidence that defendant peaceably entered upon the land in controversy, believing he had a right to do so, and that he had good reasons to believe he had such right, then they must find for defendant."

"The question of title cannot be litigated in this action; and if the jury find from the evidence that defendant, at the time of his peaceful entry upon the land, had a bona fide claim, which in time might ripen into a legal title, then they cannot consider whether plaintiff had any better right, but they must find for the defendant."

"If the jury should find from the evidence that the defendant entered upon the land in controvery at the time stated in the complaint, without using force, violence, menaces, or fraud, under a bona fide claim and color of right, then the jury cannot inquire whether the defendant's title to the land is better than the plaintiff's, because the title to the land cannot be litigated in this action; but in such case the jury must find for the defendant."

The defendant inserted in his bill of costs the fees of three witnesses, who had been subpœnaed by him, and had attended the trial, but had not been sworn.

The plaintiff moved the Court to strike out these costs, because they were not disbursements necessarily incurred in the action. No affidavits were read in support of the motion. The Court denied the motion.

The other facts are stated in the opinion.

*J. H. Budd*, and *Schell & Hewell*, for Appellant.

Section six of the Act concerning forcible entry and detainer, of April 2d, 1866, provides that among other things the summons shall state the nature of the action. The cause of action stated in the summons is not one of the actions defined by the statute, but simply an action in ejectment, over which the District Court alone could exercise jurisdiction. The Court erred in striking out, on motion of plaintiff, the new matter set up as a defense—first in the answer and afterwards in the amended answer. The action was for an unlawful entry under the third section of the statute. The facts set up in the answer showed conclusively the right of defendant to enter at the time he did. Proof of these facts would have entitled him to a judgment, and in order to enable him to prove these facts, he was required to plead them. (Stats. 1865–6, p. 769, Sec. 7; *Moore* v. *Del Valle*, 28 Cal. 172; *Burke* v. *Carruthers*, 31 Cal. 468.)

*S. P. Scaniker*, and *Schell & Scrivner*, for Respondent.

If the summons was insufficient, the appearance of the defendant and filing his answer therein was a waiver of any and all irregularities that might appear upon the face of the summons. And the motion made after such appearance was too late, and properly overruled by the Court. (6 How. Prac. 441; *Smith* v. *Carter*, 7 Cal. 587; *Hays* v. *Shattuck*, 21 Cal. 51; *Deidesheimer* v. *Brown*, 8 Cal. 339.) The unlawful entry, having been alleged in the complaint and already specifically traversed by the answer, was then at issue, and any facts or circumstances tending to illustrate the character of the entry

are mere surplusage, and will be stricken out on motion. Nor did the circumstances set up tend to raise any issue between the parties. (*Green* v. *Palmer*, 15 Cal. 411.) The matter stricken from defendant's answer constituted no defense to the action, if taken as true. Section nine of said Act specifically defines what may be set up by defendant. It does not in terms provide for but one defense, to wit: the quiet and peaceable possession of the defendant, or those through whom he claims, for the space of one whole year next preceding the commencement of the action.

By the Court, CROCKETT, J.:

This is an action for forcible detainer, under the third section of the forcible entry and detainer Act of April 2d, 1866. (Stats. 1865–6, p. 769.) Judgment was entered for the plaintiff, and the defendant appeals, assigning as error certain rulings of the Court during the progress of the trial, as shown by bills of exception brought up in the record.

After filing his answer the defendant moved to quash the summons as insufficient; but the motion was properly denied. The only purpose of the summons is to bring the defendant into Court; and when he appears and answers he waives any defect in the summons. Whether the summons be good or bad, its end has been accomplished when the defendant appears and answers. Nor did the Court err in striking out a portion of the defendant's answer and excluding the proof of the averments so stricken out. These allegations were, in substance, that the land in contest is a portion of the public domain of the United States; but is at present withdrawn from entry and sale; that in 1867 the defendant erected a cabin on it with the intention to acquire a right to it as a homestead, under the laws of the United States, so soon as the land should be subject to entry for that purpose; that in the following year one Ewing, against the will of the defend-

ant, and without right, removed the cabin, and afterwards
sold whatever right he had to the land to plaintiff, who
in November, 1869, hauled to the land lumber for the pur-
pose of erecting a house upon it, and plowed the greater
portion of the land and put it in grain; that, thereupon, the
defendant consulted an attorney as to his rights, and the
attorney, together with the land officers of the United States
for that district, advised him to enter upon the land and
erect a cabin, with a view to acquire a prior right to a home-
stead claim as soon as the land should become subject to
entry for that purpose; that he was qualified to acquire a
homestead right; and acting under the advice aforesaid, and
with a bona fide intention to acquire such right, he entered
in February, 1870, peaceably and quietly upon the land,
and has ever since remained in possession. These facts, if
proved, would not have justified the entry of the defendant
upon land in the actual occupancy of the plaintiff. It is not
pretended that the land was then subject to entry under the
homestead Act; and though it was public land, *non constat*,
that it ever will be subject to entry as a homestead. The
mere hope or expectation, however well founded, that at
some future time the land might become subject to entry
for that purpose, could afford no justification for an invasion
of the actual possession of the plaintiff. However honestly
the defendant may have believed that he had a right to
enter, his entry was unlawful; and having been made in the
absence of the plaintiff, and the defendant having refused to
surrender the possession, after a proper demand, the case
comes fully within the third section of the Act. Upon these
facts proved the Court committed no error in the giving or
refusal of instructions, nor in denying the defendant's motion
to retax the costs. For aught that appears the plaintiff may
have had every reason to believe that the witnesses who
were summoned, but not sworn, would be essentially neces-
sary to rebut the defendant's proofs; and their testimony

may have become unnecessary by reason of a modification of the pleadings, and the exclusion by the Court of the testimony offered by the defendant. There is certainly nothing to show that the plaintiff acted in bad faith in summoning them, and that their testimony may not have been necessary, except for the rulings of the Court on the pleadings and evidence.

I think the appellant has failed to show any error in the record, and that the judgment ought to be affirmed.