Hillsborough,  }
  Dec., 1900.  }

### HEALY v. HILLSBOROUGH COUNTY.

A police officer who testifies in a police court is not entitled to fees as a witness in addition to compensation for attendance.

A witness who testifies before a grand jury in several cases on the same day is entitled to fees for one day's attendance and mileage.

One who assists in preparing criminal cases for trial cannot recover compensation from the county, in the absence of evidence that the services were rendered at the request of the proper officers, or that the charges therefor were approved by them.

CLAIM, for fees in state cases. The plaintiff, who is a police officer, testified before the grand jury in several cases on the same day. In some instances more than one indictment was found on the same evidence. He was also a witness in the police court in some of these cases. The plaintiff claims (1) his actual travel and one day's attendance on one indictment, (2) one mile's travel and one day's attendance on each of the other indictments, (3) fees as an officer for attending court and as a witness in the cases in which he testified in the police court. He also asked to be

allowed pay for his services in preparing cases for trial before the grand and petit juries. The court allowed him his actual travel and attendance before the grand jury and his fees as an officer in the police court cases. He excepted to the disallowance of the balance of his claim.

*Plaintiff, pro se.*

*James P. Tuttle,* solicitor, for the defendants.

YOUNG, J. Witnesses were compelled to attend court without pay at common law, and the fees given them by statute are not intended as compensation for testifying, but simply to pay their expenses while away from home. *Courtney* v. *Baker,* 3 Denio 27, 32. Section 16, chapter 287, of the Public Statutes, which provides for the compensation of officers when their presence is required in the police court, contains nothing to show that they are to be paid more when their presence is required as witnesses than when it is required for other purposes. So it is improbable that the legislature intended to pay officers who were attending court for testifying.

A witness who is recognized or summoned must appear before the grand jury and submit to an examination in respect of any matters within his knowledge. This examination may be completed at once, or continued from day to day to suit the convenience of the grand jury, and the witness must remain in attendance until it is completed. "The fees of witnesses shall be, for each day's attendance at the supreme . . . court, . . . one dollar and twenty-five cents ; . . . for each mile's travel to and from the place of testifying, six cents." P. S., *c.* 287, *s.* 13. This section makes the witness' fees depend neither on the number of times he has recognized or has been summoned, nor on the number of indictments found on his evidence, but on his travel and attendance. The reason for this is plain. Interest in the event of the action always tends to discredit the witness, and the legislature would never intentionally discredit all witnesses who come before the grand jury, by making their fees contingent on the number of indictments found on their testimony. *Bliss* v. *Brainard,* 42 N. H. 255.

It does not appear that the plaintiff's services in preparing cases for trial were rendered at the request of the defendants, or that the charges therefor have been approved by the proper officer. P. S., *c.* 256, *s.* 9.

*Exceptions overruled.*

PEASLEE, J., did not sit : the others concurred.