[Civ. No. 3819. Second Appellate District, Division One.—April 27, 1922.]

CARL RAY, Respondent, v. H. D. CLARK, Appellant.

[1] COSTS — MEMORANDUM AND AFFIDAVIT — PRIMA FACIE CASE—REBUTTAL.—A memorandum of costs, with an affidavit attached containing all the requisite statements specified in section 1033 of the Code of Civil Procedure, establishes *prima facie* the right of the party in whose favor judgment is rendered to have the total amount shown thereby inserted in the judgment, and it then devolves upon the party moving to have the costs taxed to show that the items were not properly included within the cost bill.

[2] ID.—WITNESS FEES—LEGAL LIABILITY.—It is not essential to the right of a party who claims witness fees as costs that he shall have first paid the fees, it being sufficient if a liability therefor has been incurred.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to tax costs. T. N. Harvey, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wetherhorn, Hoyt & Jones for Appellant.

Fred W. Morrison for Respondent.

JAMES, J.—The defendant asked to have certain items, appearing in a memorandum of costs which the plaintiff filed, disallowed. The court denied the motion. Defendant has appealed from the order.

After notice of decision and within the time required by section 1033 of the Code of Civil Procedure, the plaintiff, in the court below, filed his memorandum of costs. In this memorandum various items appeared as for fees of witnesses who were seven in number, such fees including the per diem fixed by the statute, together with the mileage charge which is allowed to be collected. It included notary charges for taking a deposition of one Nye at Cheyenne, Wyoming, amounting to five dollars, and a witness fee of two dollars with a mileage charge of ten cents for the attendance of the witness upon the taking of his deposition. The other charges were for the serving of subpoenas. Plaintiff's attorney attached to the memorandum his affidavit which in all respects was sufficient to establish *prima facie* the regularity of the charges made. This affidavit contained the statement that to the best of his knowledge and belief the items "in the within memorandum of costs and disbursements are true and correct and have been necessarily incurred in this cause." It was further set out in the affidavit that the witnesses actually attended at the trial and actually traveled the number of miles claimed for each, and that in the judgment of the affiant each of the witnesses was a necessary and material one. A statement as to the correctness of the service charges was also included. In the notice of motion to have the court tax the costs it was stated generally that the motion would be upon the ground that the charges were not correct and were not taxable against the defendant, and would be based upon an affidavit and the records and files in the case. Appellant does not claim that the witnesses were not legally required to attend upon the trial, or that they did not so attend, but makes the contention that, because they did not demand their fees when subpoenaed, they could not afterward collect compensation. The second contention is that a party may not include in his cost bill items as for fees due witnesses unless he has actually paid such fees. [1] The affidavit attached to the cost bill contained all

the requisite statements as the same are specified in section 1033 of the Code of Civil Procedure. The memorandum of costs, with such an affidavit attached, established *prima facie* the right of the plaintiff to have the total amount shown by those items inserted in the judgment. (*Barnhart* v. *Kron,* 88 Cal. 447 [26 Pac. 210]; *Miller* v. *Highland D. Co. et al.,* 91 Cal. 103 [27 Pac. 536].) It devolved upon the moving party to show that the items were not properly included within the cost bill, and this it failed to do. There was no showing that any witness had waived his costs and, presumptively, each having been duly required by subpoena to attend at the trial, each would have a legal claim against the plaintiff for the amount of his fees. **[2]** Plaintiff having incurred such liability was entitled to have judgment to cover it. It is not essential to the right of a party who claims witness fees as costs that he should have first paid the fees. (*Linforth* v. *San Francisco Gas & Electric Co.,* 9 Cal. App. 434 [99 Pac. 716].) No showing was made that the notary charge of five dollars for the taking of the deposition of the witness Nye in Wyoming was excessive, or that the witness fee of two dollars and mileage of ten cents, presumably paid to the witness to secure his attendance before the notary, was not proper to be collected.

The order is affirmed.

Conrey, P. J., and Shaw, J., concurred.