J. G. VILSACK, JR., *Plaintiff in Error*, vs. GENERAL COM-
MERCIAL SECURITIES CORPORATION, a corporation under the
laws of Florida, *Defendant in Error*.

143 So. 250.

Division B.

Opinion filed July 26, 1932.

*M. S. McGregor*, for Plaintiff in Error;

*J. Ollie Edmunds*, for Defendant in Error.

PER CURIAM.—At the trial of an action at law before a
jury, one Bernard Baker, a representative of the defend-
ant corporation, General Commercial Securities Corpora-
tion, was in the Court room sitting by his counsel, when
it became material for the plaintiff to call him as a
witness concerning a certain feature of the plaintiff's
proof.

Counsel for the defendant objected to Baker being
called to testify, on the ground that he had not been
subpoenaed to testify and that his witness fees as re-
quired by the statutes, and his mileage from his resi-
dence in Jacksonville, had not been tendered to him.
The Court ruled that the witness Baker was not entitled
to demand his mileage from Jacksonville to DeLand, the
place of the trial, but that he was entitled to his per
diem and expenses. Counsel for plaintiff thereupon
tendered two dollars as a witness fee, but the court ruled
that "six or seven" dollars should be deposited. Plain-
tiff's counsel refused to deposit the "six or seven" dollars

required and the court refused to permit Baker to be sworn to testify on behalf of the plaintiff and plaintiff excepted. This ruling forms the basis of one of the assignments of error.

The Bill of Rights to the State Constitution provides that "right and justice shall be administered without sale, denial or delay." Section 4, Bill of Rights, State Const. The first duty of courts is to render righteous judgments. Brownlee vs. State, 95 Fla. 775, 116 So. 618. And the primary purpose for which courts are established is to administer justice, for which purpose all rules of procedure and practice have been established and are to be enforced. Demos vs. Walker, 99 Fla. 302, 126 So. 305. So strong is this view of the law maintained, that it has been held in this jurisdiction that trial courts may (and in proper cases should) exercise a discretion to call a witness either for or against a prisoner on trial in a criminal case, in order that the truth may be brought out at the trial. Morris vs. State, 100 Fla. 850, 130 So. 582.

In this case the witness Bernard Baker was in Court and developments at the trial were such that plaintiff deemed it necessary to ask that he be sworn as a witness to testify then and there as to matters within his knowledge which would assist the court and jury in arriving at a proper verdict on the facts. Such request was proper and should have been granted. Tender of witness fees and mileage under such circumstances is not within the purview of any court rule or statute applicable to a case of this kind. The denial of the right to call the witness then present in the court room, without a deposit of money in any amount, was prejudicial error for which a new trial should be awarded, and it is so ordered.

Reversed for a new trial.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

Buford, C.J., and Ellis, J., concur in the opinion and judgment.

Brown J. (concurring).—It may be that the defendants' representative called to the stand by the opposite party might have had the right to claim the payment of his per diem and mileage and had it taxed as costs against such party (See Section 4879, C. G. L., and 40 Cyc. 2182), but being already in court, I concur in the holding that the trial judge was in error in requiring payment of any fees in advance in addition to the fee tendered, as a condition precedent to requiring such witness to take the stand and answer any proper questions that might be propounded.