[Civ. No. 10154. Second Appellate District, Division Two.—November 2, 1935.]

HALLIE CLARA PRICHARD, Executrix, etc., Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

W. H. Douglass, Henry K. Elder and Erwin P. Werner for Appellant.

W. I. Gilbert for Respondent.

McCOMB, J., *pro tem.*—This is an appeal from a judgment in favor of defendant based upon the trial court's order granting defendant's motion for a nonsuit.

The action is for damages which plaintiff alleges she sustained as a result of the death of her husband, due to injuries received while in defendant's employ as a railroad fireman.

The complaint alleges in:

*Count 1,* defendant's failure to comply with an order made March 13, 1911, by the Interstate Commerce Commission pursuant to the Safety Appliance Act of Congress;

*Count 2,* defendant's failure to comply with the provisions of the Federal Boiler Inspection Act, in that the locomotive tender from which decedent fell was not equipped with sufficient hand rails;

*Count 3,* defendant's violation of the Federal Boiler Inspection Act in equipping the tender on which decedent was working with a hook too large and heavy for the purpose of manipulating safely the spout of a water column.

Appellant concedes that the motion for a nonsuit was properly granted as to count 1 of the complaint. Therefore we dismiss it without further consideration.

There are two propositions presented for determination.

*First: Was there sufficient evidence as to the proximate cause of the accident to require the court to submit the case to the jury?*

*Second: Did the trial court commit prejudicial error in its rulings in excluding certain evidence proffered by plaintiff?*

In determining the first proposition the evidence is undisputed. Decedent was a fireman of a locomotive crew engaged in hauling a train in interstate commerce. It was his duty to take water for the locomotive when it was needed. He performed this task on June 8, 1932, by causing the locomotive to stop in a position where the manhole on the top of the tender was opposite a water column located beside the railroad. He then engaged, as was customary, a "hook" 91 inches long and $\frac{7}{8}$ inches in diameter, with which the tender was equipped, in a ring dangling from a spout on the water column. He thus pulled the spout over the manhole and took water.

Thereafter, while the water spout was swinging into normal position the decedent was seen falling from the locomotive tender with his hands in the air. The hook was lying on the ground under or by his side after he fell. When queried as to the cause of the accident, decedent said, "The hook slipped." From the injuries thus received decedent died.

■ The train on which decedent was employed being engaged in interstate commerce, the federal statutes and applicable decisions of federal courts are controlling. (*Hoogbruin* v. *Atchison, T. & S. F. Ry. Co.*, 213 Cal. 582, 586 [2 Pac. (2d) 992].)

■ In order for plaintiff to prove her case, it was necessary to introduce evidence of the *proximate cause* of the accident. (*St. Louis S. F. Ry. Co.* v. *Mills*, 271 U. S. 344, 347 [46 Sup. Ct. 520, 70 L. Ed. 979].) The sole evidence directed to this issue consisted in the proof that it was customary to use the hook to manipulate the water spout, that decedent was seen falling from the locomotive tender with his hands in the air, that the hook was found by his side, and that he said when asked as to the cause of the accident, "The hook slipped." This evidence is wholly insufficient to support an inference as to the *proximate cause* of the lamentable accident. (*Pennsylvania R. Co.* v. *Chamberlain*, 288 U. S. 333, 340 [53 Sup. Ct. 391, 77 L. Ed. 819].) At best this evidence left the *proximate cause* of the accident a mere matter of *speculation* and *conjecture*. It might be inferred, (a) that the decedent was using the hook to push the water spout to its normal position, (b) that the hook was being laid in its position on the top of the tender when it slipped and that decedent in an effort to grasp it fell from the tender to the ground, or (c) that decedent was leaning his weight on the hook when it slipped and precipitated him from the tender. As there was thus a total failure of plaintiff to offer evidence tending to prove a material issue under either count 2 or 3 of the complaint, the motion for a nonsuit was properly granted. (*Pennsylvania R. Co.* v. *Chamberlain, supra.*)

■ Relative to plaintiff's second proposition, none of the exhibits and testimony offered by plaintiff and excluded under the rulings of the trial court would have supplied evidence as to the *proximate cause* of the lamentable acci-

dent. Therefore the trial court's rulings could not have resulted in prejudicial error, and it is unnecessary for us to comment upon them.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 30, 1935.