[Civ. No. 10064. Second Appellate District, Division Two.—November 2, 1935.]

HALLIE CLARA PRICHARD, Executrix, etc., et al., Appellants, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Respondents.

W. H. Douglass and Henry K. Elder for Appellants.

W. I. Gilbert for Respondents.

McCOMB, J., *pro tem.*—This is an appeal from an order taxing costs.

The questions presented for determination are:

*First: Is the successful party entitled to have taxed as items of cost, mileage and per diem of a witness who attends a trial in response to a subpoena which has been delivered by a deputy county clerk to an attorney, signed and sealed, leaving blank (a) the title of the cause, (b) the name of the witness, and (c) the date of trial, which omissions are supplied by the attorney prior to service of the subpoena?*

*Second: Where a number of witnesses are subpoenaed by defendant and appear at the time of trial, but are neither sworn nor testify, may the defendant, who has prevailed on a motion for a nonsuit, have taxed as items of cost, mileage and per diems of such witnesses?*

It has been the long-established practice for the County Clerk of Los Angeles County to deliver blank forms of subpoenas signed and sealed to attorneys upon request, who thereafter insert (a) the title of the cause, (b) name of the witness, and (c) date of trial. These subpoenas so issued have when duly served been recognized as legally requiring the witness named therein to appear before the court on the

date set forth in the subpoena. Plaintiff contends that a subpoena thus issued is void, relying principally upon the case of *Lucas* v. *Brown,* 127 Mo. App. 645 [106 S. W. 1089], wherein it was held that a subpoena, not naming the witness, issued by the county clerk was void. This case is clearly distinguishable from the one before us for the reason that the Missouri statute by its terms expressly provided that the subpoena *must* contain the *name of the witness* against whom it was directed, *when issued* by the county clerk. Our statute has no such requirement. From its language it appears to be wholly immaterial who inserts the title of the cause, name of the party, or date of trial, as "it is issued by the clerk, *as of course,* upon the application of the party desiring it". (Subsec. 3, sec. 1986, Code Civ. Proc.)

The controlling principle in the instant case is found in the well-established rule that contemporaneous and practical construction of a statute by those whose duty it is to carry it into effect, plus acquiescence by persons having an interest in the matter, is sufficient to justify the court in resolving any doubt as to the meaning of the language employed by the legislature in favor of such long unquestioned interpretation. (*People* v. *Southern Pac. Co.,* 209 Cal. 578, 594 [290 Pac. 25].) The practice followed in the instant case is efficient, economical, and has been found over a long period of time to be acceptable to the bench and bar of this state. We unqualifiedly approve such procedure.

Turning to the second question, if the witnesses are summoned in good faith, their mileage and per diems are proper items of cost, even though they are not sworn and do not testify. (*Randall* v. *Faulkner,* 41 Cal. 242, 246; *Whitaker* v. *Moran,* 23 Cal. App. 758, 762 [139 Pac. 901].) There is nothing in the record before this court to show that the defendant acted in bad faith in summoning its witnesses. Error will not be presumed. It must affirmatively appear from the record. (*Snowball* v. *Snowball,* 164 Cal. 476, 480 [129 Pac. 784] ; *County of Sonoma* v. *Hall,* 129 Cal. 659, 662 [62 Pac. 213] ; *Marshall* v. *Hancock,* 80 Cal. 82, 83 [22 Pac. 61].) For the foregoing reasons the trial court's rulings were correct.

The order appealed from is affirmed.

Crail, P. J., and Wood, J., concurred.