[Civ. No. 14912.   Second Dist., Div. One.   Nov. 5, 1945.]

THE PEOPLE, Respondent, v. NOWLAND MacFARLANE et al., Appellants.

Martin Forrest for Appellants.

Ray L. Chesebro, City Attorney, and Louis A. Babior, Deputy City Attorney, for Respondent.

YORK, P. J.—In an action brought to enjoin defendants and to abate a nuisance, judgment was rendered in favor of defendants, who within the time allowed by law served and filed their memorandum of costs and disbursements for notary's fees, witnesses' fees and mileage amounting to $148.60. Thereafter, plaintiff served and filed its notice of motion to tax costs, which was aimed at striking from defendants' cost bill certain items of mileage claimed for witnesses for consecutive days of attendance in court, thereby effecting a reduction of $16.60 in said costs.

When the matter came on for hearing, plaintiff took the

position that a witness in attendance on the court on consecutive days is not entitled to mileage for each day's attendance under the provisions of section 4300g of the Political Code which reads:

"Witness' fees . . . For each day's actual attendance, when legally required to attend upon the superior court, per day, two dollars in civil cases . . . Mileage actually traveled, one way only, per mile, ten cents. . . ."

This appeal is prosecuted by defendants from the order of the trial court retaxing costs in accordance with plaintiff's motion, and is presented upon an "engrossed settled statement in lieu of both transcripts on appeal."

Appellants urge that section 4300g, Political Code, *supra,* makes "no provision or distinction between consecutive days or non-consecutive days in allowing witness' fees and mileage for each day's attendance in court, and the prevailing party is therefore entitled to charge mileage actually traveled as well as witness' fees for each day's actual attendance in court of his witnesses whether for consecutive days of attendance or not . . . A witness acting in good faith in attending court should be entitled to have and receive the fees and mileage provided for him by law."

Respondent, on the other hand, argues that since "the statute makes no reference at all to daily repetitions of travel . . . the legislature did not contemplate daily trips to and from court and home . . . and if the witness made visits to his home during the period of his attendance as a witness, such visits must be deemed to have been made for his own convenience, comfort or economy, or to attend to his own private affairs."

No authorities are cited which pass upon the particular point here raised, although respondent calls attention to the fact that fifty years ago, "the District Attorney of Los Angeles County transmitted his opinion to the County Clerk of Los Angeles County, construing the provisions of said 1895 Act pertaining to mileage for *jurors,* as covering the payment of mileage only for nonconsecutive days of attendance. That construction and practice has been consistently and continuously followed since. The gist of this opinion is that on intervening days, when the juror would not be attending court, and consequently not receiving his *per diem,* the juror would be entitled to return to his home, and in coming back to court he would be entitled to mileage again.

. . . The same construction and practice has been and is followed in Los Angeles County in respect to witnesses' mileage. . . . Such construction and practice should therefore be approved, and the court, too, take judicial notice thereof.''

In discussing such practices, the court in *Engel* v. *Ehret,* 21 Cal.App. 112, 115 [130 P. 1197], had the following to say: ''The first point made for reversal is that the court struck out all items of mileage, as it was the practice of the court to refuse mileage of witnesses residing in San Francisco.

''The section of the code, insofar as it is applicable to the subject matter under discussion and is determinative of that point, is as follows: Political Code, section 4300g: 'Witness fees, except as in this title otherwise provided: . . . Mileage actually traveled, one way only, per mile 10 cents.'

'' 'The right of a witness to mileage and other fees in civil cases is primarily and solely of statutory creation.' (*Naylor* v. *Adams,* 15 Cal.App. 353 [114 P. 997].)

''While this practice of the court is no doubt very gratifying to defeated litigants, it is correspondingly unfair to witnesses who, by the mandate of the court, are compelled to leave their personal pursuits and assist in determining controversies in which they have no individual interest or concern. There is no justification or warrant in the law for this 'practice.' A mere reading of this statute affords an unanswerable confirmation of this view. If the no mileage limitation may be carried by arbitrary construction of the court to the exterior boundaries of the city, why not to the exterior boundaries of the township or any other territorial subdivision of the county. There is as much reason and logic to sustain the one position as the other. These are matters entirely within the legislative control and over which the courts exercise no discretion. . . . The orders of the superior court disallowing the items of mileage . . . in each case *is* reversed. . . .''

There appears to be no ambiguity in the wording of section 4300g, *supra.* It provides that for each day's actual attendance in court in a civil case, the witness shall receive two dollars, and ten cents per mile for mileage actually traveled, for one way only.

As so interpreted, the appellants were entitled to mileage actually traveled by their witnesses for each day's actual attendance in court. The affidavit supporting appellants'

**538**

memorandum of costs and disbursements avers that the witnesses named therein *"were actually in attendance* on the dates set opposite their respective names, and *actually traveled the number of miles claimed for each."* (Emphasis added.) This was sufficient compliance with the statute.

For the reasons stated, the order appealed from is reversed with directions to the trial court to enter an order in conformity with the views herein expressed.

Doran, J., and White, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 3, 1946. Schauer, J., and Spence, J., voted for a hearing.