[Civ. No. 26856.   Second Dist., Div. Three.   Apr. 19, 1963.]

CITY OF LOS ANGELES, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, WILLIAM A. CLARK et al., Respondents.

Roger Arnebergh, City Attorney, Bourke Jones, Edwin F. Shinn, Assistant City Attorneys, and J. David Hanson, Deputy City Attorney, for Petitioner.

Everett A. Corten and Edward A. Sarkisian for Respondents.

SHINN, P. J.—William A. Clark, respondent, an employee of the City of Los Angeles, in support of his application for benefits under the workmen's compensation laws, filed with the respondent, Industrial Accident Commission, a medical report of examination made by respondent, Dr. Robert A. Roback. The report was accompanied by a bill in the amount of $95 and claim for lien in behalf of Dr. Roback against any award in favor of respondent Clark. The charges were for X-rays, examination and report and are not contested by Clark or the city. At the hearing before the Industrial Acci-

dent Commission on August 6, 1962, Dr. Roback was subpoenaed by and did appear and testify for the petitioner, the City of Los Angeles. He spent the entire afternoon in connection therewith. He was paid $4.00 as a witness fee and a further sum as a mileage allowance of 15 cents per mile, one way, to the place of hearing. (Lab. Code, § 131.)[1] At the hearing Dr. Roback testified that he had received less than $10 at the time he was subpoenaed and that he expected to make a charge of $100 for appearing at the hearing. The referee found, *inter alia*, that the applicant actually, reasonably, and necessarily incurred expenses of $190 for medical reports and testimony to prove a contested case, payable to Dr. Roback. The award of this sum included $95 for the doctor's appearance at the hearing.

The city filed a petition of reconsideration contending that the award in favor of respondent Clark, insofar as it ordered payment of medical-legal costs in the amount of $190 to Dr. Roback, was contrary to law. The petition was denied, the commission thereby affirming its original findings and award. The city now petitions for review of the award.

. There is no dispute as to the material facts. Petitioner contests the validity of the award of the additional $95 to Dr. Roback for his appearance and testimony at the hearing. It argues that since Labor Code section 131 provides for the payment of witness fees for appearance under subpoena, the commission has no jurisdiction to require the employer, City of Los Angeles, to pay in excess of ordinary fees in the absence of an express agreement to pay more. There was no evidence of such an agreement.

In support of the award, respondent commission recognizes that generally, in civil cases, a physician who has acquired knowledge of a patient or of specific facts in connection with a patient may be called upon to testify to those facts without any compensation other than that which a witness ordinarily receives for attendance in court (*City & County of San Francisco* v. *Superior Court,* 37 Cal.2d 227 [231 P.2d 26, 25 A.L.R.2d 1418]), but argues that workmen's compensation proceedings are to be governed by a different rule.

We find the position of the city to be untenable. We cannot agree that the absence of an express agreement that Clark would compensate Dr. Roback for an appearance at a hearing

---

[1]That section refers to that compensation allowable to a witness in civil cases. (See Gov. Code, §§ 68093-68096.)

for cross-examination furnishes an answer to the problem. ██ When the services of the doctor were engaged to make an examination and report he became a witness for Clark. His report was the equivalent of testimony given in person. ██ He was subject to cross-examination, as he would have been if his evidence had been given orally. He was not brought in as a witness by means of the subpoena issued at the instance of the city. He was already a witness for Clark and he did not become a witness of the city. To be sure, the city owed him no more than the customary witness fee, but he was not claiming that the city owed him anything. The cross-examination was a part of the doctor's evidence given on behalf of Clark. It was medical testimony to prove a contested claim. The duty of the doctor to appear and submit to cross-examination, if it was required, did not depend upon or require an agreement with Clark that he would do so. They were both charged with knowledge that the duty of the doctor to give evidence of facts gleaned during the examination and to give his professional opinion did not end with the submission of his report.

██ We have reached the conclusion that when the services of the doctor as an expert witness were engaged the obligation to compensate him for time devoted to the giving of his evidence extended to his appearance for cross-examination. It is immaterial that his evidence was first given in writing. ██ There was no necessity for an express agreement to pay him for his examination and report, and no occasion for an agreement to pay him for an appearance for cross-examination, if it should be required. ██ When the services of an expert witness are engaged, and there is no express agreement as to his compensation, the obligation to pay for the service rendered is implied. In order for the time spent in submitting to cross-examination to be excluded it would have to be shown that there was an express agreement to that effect. There is, of course, no evidence of such an agreement. It is not claimed that $95 was an excessive amount to compensate Dr. Roback for the time consumed in his cross-examination.

The award is affirmed.

Ford, J., and Files, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied June 12, 1963.