[Civ. No. 31295. Second Dist., Div. Five. May 28, 1968.]

CITY OF DOWNEY, Plaintiff and Respondent, v. JOSEV
GONZALES et al., Defendants and Appellants.

564

Phill Silver and Manuel Ruiz for Defendants and Appellants.

Royal M. Sorensen, City Attorney, Burke, Williams & Sorensen and Carl K. Newton for Plaintiff and Respondent.

STEPHENS, J.—This appeal arises from an order for costs after judgments in an action in eminent domain brought by the City of Downey for the purpose of building a municipal hospital. Under one complaint, *multiple* parcels were sought to be condemned. Multiple persons had interests in various parcels. Some persons had interests in multiple parcels. Each person with an interest in any parcel was named as a defendant. The appellants here, 28 in number, are but a portion of the named defendants. The parcels involved here are 15 in number, and are but a portion of the total number of parcels condemned. Of the 15 parcels, there are 3 wherein there is a

single interested person, and 2 of these 3 parcels belong to the same person. Of the remaining 12 parcels, there are 8 parcels wherein there are 2 interested persons. As to the 4 remaining parcels, there are 3 parcels with 3 interested persons, and 2 of these parcels have the same 3 interested persons involved. The last parcel has 6 persons interested therein.[1]

As to the 15 parcels being here condemned, there are but 13 independent litigated causes. The multiple condemnation of the numerous parcels stands in court, then, in the same posture as had there been filed 13 separate condemnation actions. The reason for the difference between the 15 parcels and the 13 causes is that Parcels 34 and 45 have the same group of defendants interested in each, and Parcels 29 and 30 are owned by the same individual. As to these two groups of parcels, there is but one judgment as to each group; thus the four parcels represent but two litigated causes. Each cause could have been severed from the others for trial. The defendant (or joint defendants) involved in the particular parcels being condemned answers separately from each of the others. It is only because the City, for its own convenience, lumped what is tantamount to 13 condemnation causes within one complaint, and that the numerous defendants saw fit to respond ''jointly and severally'' in one filed answer, that there is any question presented to us.

At the close of the case, each of the 28 defendants filed a verified memorandum of costs and disbursements, and each claimed the statutory witness fee of $9.00 per day. ($4.00

---

[1]The parcels are as numbered in the complaint and the persons interested in each parcel, as disclosed by the record, are as follows:
Parcel 3: Elvira L. Vela; Joaquin C. Vela, Sr.
Parcel 5: Santiago Silva Ledesma
Parcel 15: Everado N. Brito; Jessie Lugo Brito; Nellie Carlin
Parcel 16: Fred Gallagher; Edith Gallagher
Parcel 18: Alfredo Cobos; Matilde E. Cobos
Parcel 19: Josephine Aguirre; Paul Aguirre
Parcel 23: George Juarez; Alberta Juarez
Parcel 24: Celia H. Patino; John Juarez Patino
Parcel 29
Parcel 30 } : Jose Velasco

Parcel 34
Parcel 45 } : Mary Herandez; Monge Estate; Heirs or Devisees of Concepcion Monge
Parcel 35: Philip Garcia; Virginia Garcia
Parcel 36: Jose S. Garcia; Rafaela Ruiz Garcia
Parcel 44: Juan Hernandez; Helen L. Hernandez; Mary S. Hernandez; Florence H. Herrera; Monge Estate; Heirs or Devisees of Concepcion Monge.
 (Some of the owners of Parcel 44 are also interested in Parcels 34 and 35.)

basic fee plus $5.00 for mileage) for each of the 8 days that an expert appraiser called by them was in court.[2] The total amount claimed as costs for this item then amounted to $2,016 (8 days x $9.00 x 28 defendants). The plaintiff moved to retax costs as to this item, and after hearing on the matter, the trial court ruled in favor of the plaintiff. The trial court reduced the costs allowed to $9.00 per day for only seven days, for a total of $63 for all defendants. This amounted to a pro rata share of $2.25 for each defendant.[3] The defendants appeal from the order of the trial court granting plaintiff's motion to retax costs.

Two questions are presented for consideration as to the witness fees: (1) was the trial court correct in granting only one daily fee rather than 28 (or 13); and (2) was it correct to reduce the number of days defendants were entitled to recover costs from 8 to 7.

Code of Civil Procedure section 1255 provides that in eminent domain cases, costs may be allowed or not, and if allowed, may be apportioned between the parties on the same or adverse sides, in the discretion of the court. In the early case of *City & County of San Francisco* v. *Collins,* 98 Cal. 259 at p. 262 [33 P. 56], it was held: "But this power [provided within section 1255] must be limited by section 14 of article I of the constitution, which provides that 'private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner.' . . . To require the defendants in this case to pay any portion of their costs necessarily incidental to the trial of the issues on their part, or any part of the costs of the plaintiff, would reduce the just compensation awarded by the jury, by a sum equal to that paid by them for such costs."

Witness fees and mileage of expert witnesses called by the defendant are proper costs. (*Frustuck* v. *City of Fairfax,* 230 Cal.App.2d 412, 416 [41 Cal.Rptr. 56]; *City of Los Angeles* v. *Vickers,* 81 Cal.App. 737 [254 P. 687].) It is

[2]Government Code, section 68093: "Except as otherwise provided by law, witness' fees for each day's actual attendance, when legally required to attend upon the superior court, are four dollars ($4) a day and mileage actually traveled, one way only, fifteen cents ($0.15) a mile. In criminal cases such per diem and mileage are discretionary and shall only be allowed upon a showing that the allowances are necessary for the expenses of the witness in attending. The court may disallow any fees to a witness unnecessarily subpenaed."

[3]Certain expenses claimed necessary for the preparation of photographs introduced into evidence were disallowed by the court. Claimed error as to this ruling will be dealt with later on in this opinion.

improper, however, to assess witness fees in excess of those for an ordinary witness, even where the witness is called as an expert.[4] (*People* v. *Bowman,* 173 Cal.App.2d 416 [343 P.2d 267]; Code Civ. Proc., § 1871 (in effect at the time of trial, though now repealed; now Evid. Code, § 733).)

Defendants recognize the fact that discretion is given to the trial court by section 1255 to tax costs in eminent domain cases. They claim, however, that since there were 28 defendants, each is entitled to recover the statutory fee. In essence, they argue that the recovery should be the same as if there had been 28 separate trials, with the expert having to go through his testimony on 28 separate occasions.

In *Rice* v. *Leonard,* 5 Cal. 61, this argument, so far as it applies to "joint defendants" or "codefendants" with but a single and unified interest, was laid to rest. In that case, there was allowed a single cost bill where there had been codefendants. In the instant case, as we have pointed out, some of the 28 defendants seeking costs are within the "joint defendant" class.

In *Lichtenauer* v. *Dorstewitz,* 200 Cal.App.2d 777 [19 Cal. Rptr. 654], a similar question to that before us was posed. In that case the issue was as to separate causes or actions brought by two plaintiffs. The court, in upholding the trial court's striking of a cost bill for the two plaintiffs (on the theory that the total of the two recoveries entitled them to costs), said at page 779:

"As stated in *Colla* v. *Carmichael U-Drive Autos, Inc.,* 111 Cal.App.Supp. 784 [294 P. 378], at page 788: 'In the complaint filed, each "case" or cause of action preserved its identity and each plaintiff prayed for and obtained a segregated award based on the damages individually proved. The code section [Code Civ. Proc., § 378] contemplates of course an action single in form, but with each "case" or demand retaining its distinctive identity as though pleaded in an independent action. No plaintiff is interested in the entire complaint. The interest of each is in his own "case" or cause of action; and the complaint as a whole is merely a series of "cases" embodied in one document.

" 'The institution of a joint action thus amounts to an election to consolidate at the outset several causes of action for trial instead of bringing several actions based on common grounds, and then having them consolidated later.' (See also

---

[4]We take judicial notice of the fact that expert testimony in this area comes at a significantly higher price than $9.00 per day.

1 Chadbourn, Grossman & Van Alstyne, California Pleading, § 183.)

"Since each cause of action retained its distinctive identity and each plaintiff recovered on his or her separate demand, the matter of the right to costs had to be determined with respect to each award separately and not in the light of the aggregate amount awarded to both plaintiffs. (Cf. *Fields* v. *Napa Milling Co.*, 164 Cal.App.2d 442, 450 [330 P.2d 459, 68 A.L.R.2d 1052].)"

Though the record before us is inadequate to inform us as to the time during which the expert witness testified as to the value of each parcel, the verified cost bills are prima facie evidence that the items thereof had been necessarily incurred and, in the absence of objection to the contrary, the prima facie evidence must be taken as conclusive for the purpose of this appeal. (*City & County of San Francisco* v. *Collins, supra*, 98 Cal. 259, 263.)

So far as each defendant (or group of defendants) had separate, litigated causes within the litigation, and to the extent that a witness testified as to the value of the property affected by that separate litigated cause, defendant (or those defendants) must be allowed that witness' costs. In *City of Los Angeles* v. *Industrial Acc. Com.*, 215 Cal.App.2d 310, 313 [30 Cal.Rptr. 75], referring to the expert testimony necessarily given by an examining doctor, the court states: "When the services of an expert witness are engaged, and there is no express agreement as to his compensation, the obligation to pay for the service rendered is implied. In order for the time spent in submitting to cross-examination to be excluded, it would have to be shown that there was an express agreement to that effect." The fact that as to each such separate, litigated cause the same witness was called does not lessen the propriety of the witness cost charge, for a defendant could not call the particular witness as his witness without obligating himself to the fee properly demandable by the witness.[5]

---

[5]Government Code section 68097: "Witnesses in civil cases may demand the payment of their mileage and fees for one day, in advance, and when so demanded shall not be compelled to attend until the allowances are paid except as hereinafter provided for members of the California Highway Patrol, sheriffs, deputy sheriffs and city policemen."

In *Ray* v. *Clark*, 57 Cal.App. 467 [207 P. 501], the court said (p. 469): "The memorandum of costs, with such an affidavit attached, established *prima facie* the right of the plaintiff to have the total amount shown by those items inserted in the judgment (*Barnhart* v. *Kron*, 88 Cal. 447 [26 P. 210]; *Miller* v. *Highland D. Co. et al.*, 91 Cal. 103 [27 P. 536].) It devolved upon the moving party to show that the items were not

Of course, where one defendant (or group of defendants) has interests in more than one parcel under condemnation, such defendant (or group of defendants) is entitled to but the single witness cost incurred.

We therefore find that witness costs were necessarily allowable and subject to apportionment between joint defendants, in the trial court's discretion.

 The disallowance of the fee for the eighth day requires more consideration. It appears that the witness in question was under subpoena for the seven days and that at the conclusion of his testimony defendants requested that he be subpoenaed for the eighth day, but the court refused the request. The expert returned at the request of defendants, however. Defendants are correct in the proposition that a witness need not appear under the coercion of a subpoena before statutory witness fees can be recovered in connection with his testimony. The fact that a witness who resided within the effective range of a subpoena appeared voluntarily did not prevent the allowance of such witness fee as costs, since when a witness was sworn and testified, he was "legally required to attend" within the meaning of Political Code section 4300g (now Gov. Code, § 68093) providing for allowance of witnesses' fees. (*Del Mar Canning Co.* v. *Pacific Gas & Elec. Co.*, 44 Cal.App.2d 718 [112 P.2d 953]; *Linforth* v. *San Francisco Gas etc. Co.*, 9 Cal.App. 434 [99 P. 716]; 54 Cal.Jur.2d, Witnesses, §§ 204, 207, pps. 668, 673.) In certain circumstances a witness need not actually testify in the proceedings before a fee can be recovered for his appearance. The necessity for the expenditure objected to was a subject for determination by the trial court in the exercise of a legal discretion. (*Moss* v. *Underwriters' Report, Inc.*, 12 Cal.2d 266, 275-276 [83 P.2d 503]; *City of Burbank* v. *Nordahl,* 199 Cal.App.2d 311, 332 [18 Cal.Rptr. 710]; *Whitaker* v. *Moran,* 23 Cal.App. 758 [139 P. 901].) *City & County of San Francisco* v. *Collins, supra,* 98 Cal. 259, 263 makes clear that in eminent domain cases the court has the power to disallow what it considers to be unnecessary expenditures, but only if objections are made in the trial court that the costs in the cost

properly included within the cost bill, and this it failed to do. There was no showing that any witness had waived his costs and, presumptively, each having been duly required by subpoena to attend at the trial, each would have a legal claim against the plaintiff for the amount of his fees. Plaintiff having incurred such liability was entitled to have judgment to cover it. It is not essential to the right of a party who claims witness fees as costs that he should have first paid the fees. (*Linforth* v. *San Francisco Gas & Electric Co.,* 9 Cal.App. 434 [99 P. 716].)"

bill are not necessarily incurred. ▮▮▮ No objection was made as to the necessity of the costs for the eighth day, other than on the ground that the witness was not under subpoena for that day. This, as we have seen, is not a proper ground for disallowance. On such a record we must modify the order of the trial court insofar as it refuses the recovery of costs for the eighth day.

Defendants also contend that expenses incurred in the preparation of certain photographs introduced at the trial were improperly stricken from their cost bill. These were not properly allowable costs, and the trial court was correct in its ruling. (*Simms* v. *County of Los Angeles*, 35 Cal.2d 303, 319 [217 P.2d 936] (cert. den. 340 U.S. 891 [95 L.Ed. 646, 71 S.Ct. 207]; rehg. den. 340 U.S. 916 [95 L.Ed. 662, 71 S.Ct. 291]); 97 A.L.R.2d 138, 177-180; but see *Miller* v. *Highland Ditch Co.*, 91 Cal. 103 [27 P. 536].)

The order is reversed, with directions that the trial court apportion such costs to each defendant's interest in each of the severable condemnation causes in accordance with the view herein expressed.

AISO, J. pro tem.*—I concur in the judgment and the supportive conclusions of law reached by Justice Stephens in the principal opinion. I should like to clarify that the separation into multiple defendant units is based upon actions and not causes of action. Set forth herein are certain additional considerations for allowing more than one single daily witness fee and mileage for all eight days. The results reached are compelled by the record in this case. The plaintiff opposing the allowance of the witness fees claimed has interposed only defenses in law; the facts relevant to the disposition of the appeal have not been controverted.

The fact that Snorgras[1] was retained by the defendants; that he was in attendance in court upon seven days pursuant to subpoena and upon the eighth day pursuant to request of the defendants; that he in fact testified for each defendant claiming witness fees; that each such defendant has obligated himself to pay Snorgras an expert witness' fee for each day of his attendance in court; that each defendant claiming witness fees has actually paid to Snorgras the witness fees and mileage claimed; and that his attendance on the eight days was necessary in testifying or waiting to be called or recalled to the witness stand all remain uncontroverted.

---

*Assigned by the Chairman of the Judicial Council.
[1]Spelling taken from memoranda of costs.

Upon the issue of necessity in incurring the fees, we should remember that although the amount of recovery is limited to that allowable for a lay witness, we here deal with witness fees of an expert claimed by the condemnee defendants in an eminent domain proceeding. The proceedings are *in invitum* in nature. Upon the defendants, the law places the burden of proving the fair market value of the respective properties being taken for public use. (*Monterey County* v. *Cushing* (1890) 83 Cal. 507, 510-511 [23 P. 700] ; *People* v. *Thomas* (1952) 108 Cal.App.2d 832, 840 [239 P.2d 914] ; BAJI No. 509.) To meet that burden in most litigated condemnation proceedings, an appraiser's expert opinion testimony as to value is almost a *sine qua non.*

Although the taxable costs allowable in a condemnation case are generally limited to those items allowable under section 1032 of the Code of Civil Procedure (*People* v. *Bowman* (1959) 173 Cal.App.2d 416, 418 [343 P.2d 267] ; Code Civ. Proc., § 1871 and Evid. Code, § 733), the discretion under both sections 1032 and 1255 of the Code of Civil Procedure are subject to the provisions of section 14, article I of the State Constitution.[2] Hence, even under section 1032 costs must be allowed an owner whose property is being taken for a public use even though the amount recovered is within the jurisdiction of an inferior court. (*Heimann* v. *City of Los Angeles* (1947) 30 Cal.2d 746, 753 [185 P.2d 597].)[3]

The amount of allowable witness fees is not limited to the time the witness spends upon the witness stand, but includes "fees for daily court attendance and mileage of expert witnesses called by the [condemnee]." (*People* v. *Bowman, supra*; *Bathgate* v. *Irvine* (1899) 126 Cal. 135, 149 [58 P. 442, 77 Am.St.Rep. 158].)

Time spent in court by an expert witness as an adviser to counsel or for the purpose of auditing to qualify himself to render expert opinion testimony later in the case has been held to be a nontaxable cost item, but time spent by such a witness attending court awaiting his call to the witness stand is allowable. (*Corona Foothill Lemon Co.* v. *Lillibridge* (1936) 12 Cal.App.2d 549, 555-556 [55 P.2d 1210].)

A verified memorandum of costs is prima facie evidence that the costs specified therein have been necessarily incurred.

---

[2] Cf. *Chicago, B. & Q. R. Co.* v. *Chicago* (1897) 166 U.S. 226 [41 L.Ed. 979, 17 S.Ct. 581].

[3] Overruled on another point in *County of Los Angeles* v. *Faus* (1957) 48 Cal.2d 672, 679 [312 P.2d 680].

(*Meyer* v. *City of San Diego* (1901) 132 Cal. 35, 36 [64 P. 124] ; *Jeffers* v. *Screen Extras Guild, Inc.* (1955) 134 Cal.App. 2d 622, 623 [286 P.2d 30] ; *Von Goerlitz* v. *Turner* (1944) 65 Cal.App.2d 425, 432 [150 P.2d 278].) A memorandum of costs may be verified by a party's attorney ''on information and belief'' (*Rosenfield* v. *Vosper* (1943) 57 Cal.App.2d 605, 607-608 [134 P.2d 529, 135 P.2d 579] ; Code Civ. Proc., § 1033), but an affidavit supporting a motion to retax costs may not be so made (*Jeffers* v. *Screen Extras Guild, Inc., supra; Pratt* v. *Robert S. Odell & Co.* (1944) 63 Cal.App.2d 78, 81-82 [146 P.2d 504]). The burden is upon the party moving to retax costs to prove that the charge is not a legal or proper one. (*Meyer* v. *City of San Diego, supra; Von Goerlitz* v. *Turner, supra; Wilson* v. *Nichols* (1942) 55 Cal.App.2d 678, 682-683 [131 P.2d 596].) It is error to strike an item in a cost bill if there is no evidence in the record to disprove the necessity for incurring the item. (*Fay* v. *Fay* (1913) 165 Cal. 469, 475 [132 P. 1040] ; *Wilson* v. *Nichols, supra; Ream* v. *Barr* (1930) 108 Cal.App. 172, 175-176 [291 P. 451].)

Absent an affirmative showing of bad faith in incurring the item, the cost of subpoening a witness and his per diem and mileage fees are allowable cost items even though the witness is not actually sworn nor his testimony used. (*Randall* v. *Falkner* (1871) 41 Cal. 242, 246-247 ; *Prichard* v. *Southern Pac. Co.* (1935) 9 Cal.App.2d 704, 705-706 [51 P.2d 428] ; *Whitaker* v. *Moran* (1914) 23 Cal.App. 758, 762 [139 P. 901].) Particularly appropriate to a condemnation proceeding is our Supreme Court's statement in *Meyer* v. *City of San Diego* (1901) *supra,* 132 Cal. 35, 37, ''Witnesses are often procured at heavy expense, and their testimony for some reason is not needed or becomes immaterial, yet the party who is put to the expense, and incurs it in good faith, may recover it as part of his costs.''

The fact that a codefendant calls a witness and elicits testimony from him which renders it unnecessary to present extended testimony from the witness on behalf of another defendant who subpoenaed the witness, is no bar to the latter recovering costs of subpoena and witness fees incurred[4] as necessary to his defense. (*Barnhart* v. *Kron* (1891) 88 Cal. 447, 449-450 [26 P. 210].)

In certain instances, a statutory item of cost is allowed to

---

[4]Government Code section 68097: ''Witnesses in civil cases may demand the payment of their mileage and fees for one day, in advance, and when so demanded shall not be compelled to attend until the allowances are paid. . . .''

each prevailing defendant even where their interests in the outcome of the litigation are joint. (*Jeffers* v. *Screen Extras Guild, Inc.* (1955) *supra,* 134 Cal.App.2d 622, 623-624.)

In allowing the witness fee for the eighth day consideration should also be given to section 1990 of the Code of Civil Procedure providing, ''A person present in court, or before a judicial officer, may be required to testify in the same manner as if he were in attendance upon a subpoena issued by such court or officer,'' and cases, e.g., *People* v. *MacFarlane* (1945) 71 Cal.App.2d 535, 537 [162 P.2d 937], holding that a witness is entitled to mileage for each day he is in court.

KAUS, P. J.—Dissenting. I agree that defendants were entitled to a witness fee and mileage for the eighth day and I also agree that the trial court properly struck the item for expenses incurred with respect to the photographs. I do not agree that defendants were entitled to more than one witness fee for any day when their expert was in court, although he may have attended as a witness on behalf of more than one party.

Witness fees are allowed for attending court, not for testifying. (Gov. Code, § 68093; *Prichard* v. *Southern Pac. Co.,* 9 Cal.App.2d 701, 706 [51 P.2d 426]; *Starmont* v. *Cummins,* 120 Mich. 629 [79 N.W. 897]; *Healy* v. *Hillsborough County,* 70 N.H. 588 [49 A. 89]; 97 C.J.S. p. 421.)

Whether the expert witness manifested himself to the court in 28, 15 or 13 capacities, he was there only once and entitled to but one fee. The statement in Justice Stephens' opinion that no defendant other than the one who subpoenas the witness could have called him without obligating himself to an additional fee is quite unsupported by authority[1] and disregards the purpose for which the fee is paid; yet even if the witness is entitled to multiple fees for being in the courtroom just once, I can see no justification for allowing him more than one allowance for mileage. At the very least he should be forced to form a car pool with himself.

Justice Aiso's concurring opinion is based on the declaration in support of the cost bill to the effect that each defendant obligated himself to the witness. If that is what they did, elementary contract law tells us that there was no consideration for such promise, since the witness was already bound to

[1] In fact the only case I have found on the point is the other way. (*Vilsack* v. *General Commercial Securities Corp.,* 106 Fla. 296 [143 So. 250].)

attend, once he had been subpoenaed by one defendant. (1 Witkin, Summary of Cal. Law (7th ed. 1960) Contracts, § 80.)

I suspect that the result reached by the two majority opinions is based on a desire to ameliorate the harsh and possibly unconstitutional rule of *City of Los Angeles* v. *Vickers*, 81 Cal.App. 737 [254 P. 687], to the effect that the condemnee must pay the costs of expert testimony out of his own pocket. (See also *People* v. *Bowman*, 173 Cal.App.2d 416, 418 [343 P.2d 267].) Defendants do not attack that rule as such, but seek to get around it by a fiction. If the *Vickers* rule is to be reexamined (cf. *Heimann* v. *City of Los Angeles*, 30 Cal.2d 746, 753 [185 P.2d 597]; *City & County of San Francisco* v. *Collins*, 98 Cal. 259, 262 [33 P. 56]) it should be done openly.