ALDERMAN, Judge.
Palm Beach County by petition for writ of certiorari seeks review of an order of the Honorable William Lamar Rose, Judge of the Circuit Court of the Fifteenth Judicial Circuit. We grant certiorari, quash the or *128 der, and hold that Judge Rose departed from the essential requirements of the law when he directed Palm Beach County to pay fees and mileage to witnesses in a criminal case in excess of the per diem and mileage authorized by Section 90.14, Florida Statutes (1975).
The facts are as follows: An indigent defendant in a criminal. case obtained a change of venue from Palm Beach County to Duval County. As a result, the witnesses must travel to Jacksonville and will incur expenses for travel, lodging and meals in excess of the amounts allowed to them by Section 90.14. A number of the witnesses are alleged to be indigent. Judge Rose ordered Palm Beach County to pay to the witnesses 10 cents per mile for transportation plus an allowance of $9.25 per day for lodging and meals. This order was based on the State’s allegation that these payments were necessary to guarantee a fair and impartial trial to the defendant.
The applicable statutes are as follows:
Section 914.03, Florida Statutes (1975):
A witness summoned by a grand jury or in a criminal case shall remain in attendance until excused by the court. A witness who departs without permission of the court shall be in criminal contempt of court. A witness shall attend each succeeding term of court until the case is terminated.
Section 914.11, Florida Statutes (1975):
If a court decides, on the basis of an affidavit, that a defendant in a preliminary hearing or trial is indigent and unable to pay the cost of procuring the attendance of witnesses and that certain witnesses are necessary to the defense, the court shall order the witnesses subpoenaed, and the costs shall be paid by the county.
Section 90.14, Florida Statutes (1975):
Witnesses in all cases, civil and criminal, in all courts, now or hereafter created, and witnesses summoned before any arbitrator or master in chancery shall receive for each day’s actual attendance $5 and also 6 cents per mile for actual distance traveled to and from the courts.
At common law no witness fees were paid, therefore the right of a witness to compensation is purely statutory. 81 Am.Jur.2d, Witnesses, § 23. There appears to be no statutory authority for the Circuit Court to order Palm Beach County to pay a witness an amount in excess of the mileage and per diem provided by Section 90.14.
The bare allegation that additional compensation for the witnesses is necessary to guarantee a fair and impartial trial does not open the door to the public treasury of Palm Beach County. A witness cannot refuse to appear under a subpoena upon the ground that he cannot afford to testify. Almost no one can afford to be a witness at the allowed rate of $5.00 a day and 6 cents a mile. Even at $9.25 a day and 10 cents a mile, most citizens would suffer financially. However, the duty of a citizen to respond to a subpoena is not contingent upon his receiving adequate compensation. The circuit court has the power to deal with any witness who fails to honor its subpoena. Section 914.03, Florida Statutes. It can use this power to enforce the attendance of subpoenaed witnesses and thereby guarantee to the defendant and the State the right to have compulsory process for the attendance of witnesses.
We conclude that the order of the Circuit Court must be quashed because it requires an unauthorized and improper payment from the public treasury of Palm Beach County. Compare, Dade County v. Carr, 231 So.2d 844 (Fla. 3d DCA 1970); see also, Florida Attorney General’s Opinion, 056-313. The Circuit Court exceeded its authority when it ordered Palm Beach County to pay subpoenaed witnesses in a criminal case more than the statute allowed.
The petition for writ of certiorari is granted and the order of the Circuit Court is quashed.
ANSTEAD and LETTS, JJ., concur.