The Honorable Quillian S. Yancey State Attorney Tenth Judicial Circuit
QUESTION:
When a witness lives in another state and `more than 50 miles from the location of the trial' and is requested to come to Florida and testify at a criminal trial and, in compliance with such request, appears and testifies at the trial, should such witness be compensated according to s. 92.142, F.S., or according to s.942.03, F.S.?
SUMMARY:
In the absence of any other statutory directives or procedures (or a valid court order in a particular case), neither s. 942.03 nor s. 92.142, F.S., applies to an out-of-state witness who, when requested to appear at a criminal trial in this state, voluntarily appears and testifies, and a court order would be necessary in order to pay witness fees under these circumstances.
Chapter 942, F.S., the `Uniform Law to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings,' provides for interstate extradition of witnesses, including summoning of witnesses in this state to testify in another state (s. 942.02) and summoning of witnesses from another state to testify in this state (s. 942.03).
Section 942.03, F.S., provides in pertinent part:
942.03 Witness from another state summoned to testify in this state.
 (2) If the witness is summoned to attend and testify in this state, he shall be tendered the sum of 10 cents a mile for each mile by the ordinary traveled route to and from the court where the prosecution is pending, and $5 for each day that he is required to travel and attend as a witness. A witness who has appeared in accordance with the provisions of the summons shall not be required to remain within this state a longer period of time than the period mentioned in the certificate, unless otherwise ordered by the court. If such witness, after coming into this state, fails without good cause to attend and testify as directed in the summons, he shall be punished in the manner provided for the punishment of any witness who disobeys a summons issued from a court of record in this state. (Emphasis supplied.)
Additionally, s. 92.142, F.S., provides:
 Witnesses in all cases, civil and criminal, in all courts, now or hereafter created, and witnesses summoned before any arbitrator or master in chancery shall receive for each day's actual attendance $5 and also 6 cents per mile for actual distance traveled to and from the courts. Witnesses in criminal cases required to appear in counties other than the county of their residence and residing more than 50 miles from the location of the trial shall be entitled to per diem and travel expenses at the same rate provided for state employees under s. 112.061, in lieu of any other witness fee at the discretion of the court. (Emphasis supplied.)
Your inquiry concerns a witness who lives in another state and `more than 50 miles from the location of the trial' and who `is requested to come to Florida and testify at a criminal trial and, in compliance with such request, appears and testifies at the trial . . .,' and you question whether such a witness should be compensated according to s. 92.142 or s. 942.03, F.S.
Section 92.142, F.S., appears to apply only to persons residing in a county in Florida and would therefore not apply to the situation which your inquiry describes. Additionally, by its terms, s.942.03 is not applicable to the stated situation either, since the witness does not appear to have been `summoned' or required to appear. See s. 942.01(3) defining, for purposes of ch. 942, `Summons' to include a subpoena, order, or other notice requiring the appearance of a witness; see also Webster's Third New International Dictionary, defining `summon' as `to command by service of a summons or other statutory notice to appear in court,' and defining `summons' as `a subpoena to appear as a witness'; Black's Law Dictionary (5th ed.), `subpoena' and `subpoena ad testificandum'; The American Heritage Dictionary of the English Language, defining `require' as `to command, to order' and defining `request' as `to ask (a person) to do something.' The provisions of s. 942.03 do not operate unless and until a judge of a court of record in this state has issued the certificate described therein and such certificate is presented to a judge of a court of record in the other state and proper order or summons is issued by the court in the other state, and the prescribed witness pay tendered or paid. See also s. 942.02, F.S.
Furthermore, this office has previously opined, when presented with a quite similar situation, that:
 [w]here the out-of-state witness appears and testifies voluntarily, it is my opinion that it would not be proper to pay the travel allowance or per diem except upon order of the court fixing the amount of travel expense to be allowed and per diem. (Emphasis supplied.)
AGO 052-195, June 20, 1952, Biennial Report of the Attorney General, 1951-1952, p. 784. See also AGO 053-81, April 13, 1953, Biennial Report of the Attorney General, 1953-1954, p. 710, in which it was concluded that a witness who voluntarily appeared to testify at a criminal trial could be entitled to a fee or mileage payment despite the fact that he had not been served with a subpoena. That opinion stated that:
 [t]here are various rules relating to the compensation of a witness who voluntarily attends without being subpoenaed or properly subpoenaed. One holds that the witness is entitled to per diem and mileage while in other jurisdictions, it is a matter which the court in the particular case determines the propriety of the compensation. Still in other jurisdictions, the witness is entitled to per diem but not to mileage, while still others deny him both per diem and mileage.
 There is an intimation in the case of Vilsack v. General Commercial Securities Corp., 106 Fla. 296, 143 So. 250, that the court might approve the payment of the per diem and mileage to a witness who had not been subpoenaed. (See concurring opinion of Justice Brown). (Emphasis supplied.)
See also s. 92.142 (former s. 90.14), F.S., which specifies the witness pay of certain witnesses in criminal cases `in lieu of any other witness fee at the discretion of the court,' (emphasis supplied), and cf. Rose v. Palm Beach County, 361 So.2d 135 (Fla. 1978), in which the Florida Supreme Court held that where indigent witnesses would be required to travel 300 miles one way and to be lodged in a large metropolitan area, that the trial court had thepower to fix witnesses' fees at $9.25 and 10 cents per mile, even though those figures were well in excess of the maximum fee established by law. The court was construing s. 90.14, currently codified as s. 92.142, F.S. Apparently, the reaction to the decision of the Fourth District Court of Appeal in Palm Beach County v. Rose, 347 So.2d 127 (4 D.C.A. Fla., 1977) (quashing the order of the trial court ordering the county to pay these witness fees in excess of the then statutorily prescribed amounts for witness compensation), spawned the enactment of ch. 78-175, Laws of Florida (s. 90.14, F.S. 1978), which amended former s. 90.14 to add the last sentence providing for the payment of per diem and travel expenses at the same rate provided for state employees under s. 112.061, in lieu of any other witness fee at the discretion of the court, which provision is now contained in s.92.142, F.S.
Prepared by: Anne Curtis Terry, Assistant Attorney General